IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN ABNEY,
       Petitioner,

vs.                           Case No.:  5:15cv215/MMP/EMT

WARDEN,
       Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the court on Petitioner Allen Abney's habeas petition, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed a response to the petition (ECF No. 11).  Abney filed a reply and a motion for evidentiary hearing (ECF Nos. 14, 15).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND

Following a jury trial in the United States District Court for the Western District of New York, Case No. 6:04cr06164-DGL-MWP, Abney was found guilty of one

count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g) (*see* ECF No. 11, Ex. A).  *See* United States v. Abney, No. 6:04cr06164-DGL-

MWP, Verdict, ECF No. 116 (W.D.N.Y. May 30, 2006).  Prior to sentencing, Abney's

counsel filed a Statement of Parties with Respect to Sentencing Factors, stating that

Abney had no objections to the Pre-Sentence Investigation Report ("PSR").  *Id.*,

Statement of Parties with Respect to Sentencing Factors, ECF No. 125 (W.D.N.Y.

Sept. 26, 2006).  Abney subsequently filed a pro se objection to the PSR, in which he

objected to his criminal history as set forth in the PSR on the following ground,

"Abney request [sic] that government [sic] produces [sic] fingerprint cards, booking

sheet, arresting officers and witness.  Abney reserves the right to cross-examine all

witnesses and rebut all affidavits."  *Id.*, Letter from Allen Abney, ECF No. 30

(W.D.N.Y. Jan. 19, 2007).  The Government filed a Supplemental Statement with

Respect to Sentencing Factors, describing the following four prior convictions:

> • On April 8, 1985, Abney entered a plea of guilty to the Seventh Count of Bill of Information #4404-84 in the County of Montgomery, State of Pennsylvania, charging him with attempting to cause bodily injury to another person with a deadly weapon (a baseball bat), in violation of 18 P.S. 2702(a)(4) which is a felony of the second degree.

> • On May 28, 1987, Abney entered a plea of guilty to both the Second and Fifth Counts of two informations carrying the Criminal Docket Numbers 294-87 and 295-87.  The Fifth Counts of both

informations charged a felony violation of what was then codified as Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act 64, later codified as Title 35 Pennsylvania Statute §780-113(30), which in the instance of cocaine had the maximum of not more than 15 years in prison and not more than a $250,000 fine.  On May 28, 1987, a sentence of not less than 7 months but not more than 23 months imprisonment with no fine was imposed on both of the convictions under the Docket Numbers 294-87 and 295-87, to run concurrently with each other.

• On January 17, 1989, Abney, then using the name Anthony Williams, entered a nolo contendere plea under Docket #2417-88.  On August 18, 1988, Petitioner committed the crime of indecent assault in violation of Pennsylvania Crimes Code §3126(1), a felony, the penalties for which were no more than two years in prison and not more than a $5,000 fine.

• On January 20, 1998, Abney entered a plea of guilty to the Second Count of Bill of Information 72-95, which charged him with possessing cocaine in violation of 35 Pennsylvania Statute §780-113(30), which called for mandatory penalties of not more than 15 years in prison and not more than a fine of $250,000.

*Id.*, Supplemental Statement of the Government with Respect to Sentencing Factors, ECF No. 137 (W.D.N.Y. Feb. 4, 2007).  On February 7, 2007, the district court adjudicated Abney guilty and sentenced him as an armed career criminal, pursuant to 18 U.S.C. § 924(e) ("ACCA"), to 240 months of imprisonment followed by five (5) years of supervised release (ECF No. 11, Ex. D).[1]  *Id.*, Judgment, ECF No. 140

---

[1] Section 924(e) provides, in relevant part:

In the case of a person who violates section 922(g) of this title and has three previous

(W.D.N.Y Feb. 9, 2007).  Abney appealed the judgment and sentence to the Second
Circuit Court of Appeals, Case No. 07-0491 (ECF No. 11, Ex. E).  *Id.*, Notice of
Appeal, ECF No. 141 (W.D.N.Y. Feb. 12, 2007).  The appellate court dismissed the
appeal on February 17, 2009 (*see* ECF No. 11, Ex. F).  *Id.*, Mandate, ECF No. 164
(W.D.N.Y. June 1, 2009).

On October 1, 2009, Abney filed a motion to vacate sentence in the United
States District Court for the Western District of New York, pursuant to 28 U.S.C.
§ 2255 (*see* ECF No. 11, Ex. B).  *See* United States v. Abney, No. 6:04cr06164-DGL-
MWP, Motion to Vacate, ECF No. 179 (W.D.N.Y. Oct. 5, 2009).  In Ground Two of
his § 2255 motion, he challenged the ACCA enhancement on the following ground:
"There is no pattern or recent crimes by the defendant.  Defendant also challenges
criminal history.  Facts are not true and charges and arrest are misleading."  *Id.*  The
district court denied the § 2255 motion (*see id.*).  United States v. Abney, Nos. 04-CR-
6164L, 09-CV-6506L, 2010 WL 411086 (W.D.N.Y. Jan. 25, 2010).  With respect to
Abney's claims of trial court error, including his sentencing claim, the court held that

---

convictions by any court referred to in section 922(g)(1) of this title for a violent
felony or a serious drug offense, or both, committed on occasions different from one
another, such person shall be fined under this title and imprisoned not less than
fifteen years . . . .

18 U.S.C. § 924(e)(1).

they were procedurally barred, because Abney raised them, or could have raised them, on direct appeal.  *Id.*

Abney filed another § 2255 motion on January 17, 2011 (ECF No. 11, Ex. B). *See* <u>United States v. Abney</u>, No. 6:04cr06164-DGL-MWP, Motion to Vacate, ECF No. 196 (W.D.N.Y. Jan. 21, 2011).   In Ground Two, he challenged the ACCA enhancement on the following grounds:  (1) the 1989 conviction for indecent assault was not a "violent felony," (2) the 1987 drug convictions were not "serious drug offenses," and (3) the Government "used papers filed in one State court to prove conviction in another State court."  *Id.*  The district court construed the motion as a request for permission to file a second or successive § 2255 motion and transferred the motion to the Second Circuit (*see id.*).  *Id.*, Decision and Order, ECF No. 197 (W.D.N.Y. Jan. 25, 2011).  On October 17, 2011, the Second Circuit denied Abney's motion to file a second or successive § 2255 motion (*see id.*).  *See id.*, Mandate, ECF No. 201 (W.D.N.Y. Dec. 23, 2011).   The Second Circuit addressed his ACCA challenge as follows:

> Petitioner's challenge to his enhanced sentence also fails to satisfy § 2255(h)(1), as he does not explain why he could not have obtained the information contained in the April 2011 state-court order, through due diligence, prior to filing his 2009 § 2255 motion. *See* § 2244(b)(2)(B)(i); *see also Green v. United States*, 397 F.3d 101, 102 (2d Cir. 2005) (*per curiam*) (stating, in *dicta*, that the due diligence requirement of §

2244(b)(2)(B) applies to successive § 2255 motions).  In any event, the
April 2011 state-court order does not suggest "that no reasonable
factfinder would have found the movant guilty of the offense,"
§ 2255(h)(1), because 18 U.S.C. § 924(e) mandates an enhanced
sentence for defendants with three prior violent felony and/or serious
drug convictions, and, in support of the enhancement, the Government
presented three convictions other than the indecent assault conviction
now at issue.

*Id.*

Abney previously filed a § 2241 petition in this court, on January 25, 2012.  *See*

Abney v. Augustine, No. 5:12cv19/MMP/EMT, Petition, ECF No. 1 (N.D. Fla. Jan.

27, 2012).  In his amended petition, he challenged the ACCA enhancement on the

grounds that the 1985 conviction for attempting to cause bodily injury with a deadly

weapon and the 1989 conviction for indecent assault did not qualify as "violent

felonies," and the 1987 and 1998 drug convictions did not qualify as "serious drug

offenses" under the ACCA.  *Id.*, Amended Petition, ECF No. 4 (N.D. Fla. Feb. 7,

2012), Memorandum, ECF No. 5 (N.D. Fla. Feb. 7, 2012).  Abney contended the

documents submitted by the Government in support of the ACCA enhancement

demonstrated that the federal sentencing court applied Pennsylvania law at the time

of his federal sentencing, instead of the law at the time of each of his state convictions,

to determine whether the prior state convictions qualified under the ACCA.  *Id.*,

Memorandum (N.D. Fla. Feb. 7, 2012).  He contended the subsequent Supreme Court

decision in <u>McNeill v. United States</u>, 563 U.S. 816, 131 S. Ct. 2218, 180 L. Ed. 2d 35 (2011), held that "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' [for purposes of the ACCA] by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense." 131 S. Ct. at 2224. Abney additionally challenged the legal sufficiency of the evidence upon which the federal sentencing court relied in imposing the ACCA enhancement. *Id.* He contended the court relied upon police reports and criminal complaints to determine whether his prior convictions qualified under the ACCA, in violation of <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). *Id.* The district court denied the § 2241 petition on the ground that Abney failed to demonstrate he was entitled to proceed under § 2241 pursuant to the "savings clause" of 28 U.S.C. § 2255(e). *Id.*, Order, ECF No. 19 (N.D. Fla. Oct. 22, 2012) (adopting and incorporating Report and Recommendation, ECF No. 16 (N.D. Fla. June 11, 2012)). The court alternatively determined that Petitioner's <u>Shepard</u> challenge to the documents used by the sentencing court in determining his ACCA qualification was procedurally barred, and his argument that he did not have three qualifying offenses was without merit, because his 1987 and 1998 drug convictions qualified as "serious

drug offenses" under § 924(e)(2)(A)(ii) of the ACCA, and his 1985 conviction for attempting to cause bodily injury with a deadly weapon qualified as a "violent felony" under § 924(e)(2)(B)(i).  *Id.*

On June 17, 2014, Abney filed another § 2241 action in this court.  *See* <u>Abney v. Augustine</u>, No. 5:14cv147/WS/EMT, Petition, ECF No. 1 (N.D. Fla. June 19, 2014).  He contended that his 1987 drug conviction did not qualify for the ACCA enhancement, because it did not carry a penalty of up to ten years, and the federal court relied upon "not <u>Shepard</u>-approved documents" in determining that the conviction qualified under the ACCA.  *Id.*  He also contended his 1989 state conviction for indecent assault did not qualify for the ACCA enhancement, because it was a misdemeanor that carried a maximum sentence of two years or less, it was pursuant to a nolo contendere plea, and it involved mere touching.  *Id.*  Abney additionally argued he received ineffective assistance of counsel at sentencing and on direct appeal.  *See id.*  The district court dismissed the § 2241 petition for lack of jurisdiction on December 10, 2014.  *Id.*, Order, ECF No. 17 (N.D. Fla. Dec. 10, 2014).  The Eleventh Circuit affirmed the decision on July 29, 2015 (*see* ECF No. 11, Ex. G).  <u>Abney v. Warden</u>, 621 F. App'x 580 (11th Cir. 2015).

While that habeas action was pending in this court, Abney filed, on or about June 23, 2014, a successive § 2255 motion in the United States District Court for the Western District of New York (*see* ECF No. 11, Ex. A).  *See* <u>United States v. Abney</u>, No. 6:04cr06164-DGL-MWP, Motion to Vacate, ECF No. 217 (W.D.N.Y. June 23 2014).  In two of his four grounds for relief, he again argued that his 1987 drug conviction did not qualify for the ACCA enhancement, because it did not carry a penalty of up to ten years, and that his 1989 conviction for indecent assault did not qualify for ACCA enhancement because it was a misdemeanor that carried a maximum sentence of two years or less, it was pursuant to a nolo contendere plea, and it involved mere touching.  *Id.*  The district court transferred the motion to the Second Circuit Court of Appeals for treatment as a motion to file a successive § 2255 motion (*see id.*).  *Id.*, Order, ECF No. 218 (W.D.N.Y. July 14, 2014).  On August 25, 2014, the Second Circuit denied Abney's motion to file a successive § 2255 motion, on the ground that Abney failed to satisfy the criteria set forth in 28 U.S.C. § 2255(h) (*see id.*).  *Id.*, Mandate, ECF No. 220 (W.D.N.Y. Oct. 17, 2014).

Abney filed the instant § 2241 petition in this court on August 13, 2015 (ECF No. 1 at 6).  He contends his 1989 state conviction for indecent assault is no longer a qualifying offense for ACCA enhancement, in light of the Supreme Court's recent

holding in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015); therefore, his sentence exceeds the statutory maximum (*id.*).

II.    ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* <u>United States v. Hayman</u>, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in <u>Hayman</u>, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* <u>Hayman</u>, 342 U.S. at 212–14, 218; *see also* <u>Wofford v. Scott</u>, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the

legality of the conviction and imposition of sentence, while leaving § 2241 available

to challenge the continuation or execution of an initially valid confinement.  *See*

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008);

United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method

of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d

1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction

must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2]  Thus, § 2241

provides an avenue for challenges to matters such as the administration of parole,

prison disciplinary actions, prison transfers, and certain types of detention.  *See*

Antonelli, *supra* (petition challenging decision of federal Parole Commission is

properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir.

2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241);

Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging

Bureau of Prisons's administration of service credits, including calculation, awarding,

and withholding, involves execution rather than imposition of sentence; thus it is a

matter for habeas corpus review).  A collateral attack on the validity of a federal

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis).  The italicized language is known as the "savings clause."  The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause.  To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Abney

must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, binding Circuit precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Abney's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Abney's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Abney's claim of illegal detention above the statutory maximum penalty.  Bryant, 738 F.3d at 1274.

Abney relies upon the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [§ 924(e)(2)(B)(ii)] violates the Constitution's guarantee of due process."  135 S. Ct. at 2564.

Respondent argues Abney may not proceed under the savings clause, because the Supreme Court has not made Johnson retroactive to cases on collateral review (ECF No. 11 at 8–9).  Respondent further argues that Johnson may someday be made retroactively applicable to cases pending on collateral review, in which case Abney

would have an adequate and effective remedy under § 2255(h) (the statutory provision outlining the preconditions for filing a successive § 2255 motion), but the mere fact that Abney cannot now meet the statutory preconditions for filing a successive § 2255 motion does not render § 2255 inadequate or ineffective for purposes of the savings clause (*id.* at 9).  Additionally, Respondent notes that Abney's PSR shows that the ACCA determination was made without reference to Abney's 1989 state conviction for indecent assault; instead the determination was based upon Abney's prior state convictions in 1985 for attempting to cause bodily injury with a deadly weapon, in 1987 for delivery of a controlled substance, and in 1998 for possession with intent to distribute a controlled substance (*id.* at 9 n.3).  Therefore, Abney's sentence was properly enhanced.

In reply, Abney argues that unlike § 2255(h)(2), which provides that in order to file a successive § 2255 motion, the motion must rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," the standard for proceeding in habeas corpus under the savings clause of § 2255(e) does not require that the retroactivity determination be  made by the Supreme Court (*see* ECF No. 14).  Abney urges this district court to conclude that Johnson is retroactively applicable on collateral review (*id.*).  Abney additionally

contends that this court may not consider his 1998 conviction for possession with intent to distribute a controlled substance as one of the convictions which qualified him for the ACCA enhancement, because the Eleventh Circuit previously stated, in the decision affirming the denial of his § 2241 petition in Case No. 5:14cv147/WS/EMT, that the ACCA enhancement was based upon his 1985 felony conviction for attempting to cause bodily injury with a deadly weapon, his 1987 felony conviction for cocaine distribution, and his 1989 conviction for indecent assault.[3]  Abney argues that the "law of the case" doctrine binds this court to that determination.

Abney failed to satisfy <u>Bryant</u>'s fourth requirement for proceeding under § 2241 through the savings clause.  He contends his 1989 state conviction for indecent assault is no longer a qualifying offense for ACCA enhancement, in light of <u>Johnson</u>. However, as the Second Circuit concluded in denying Abney's motion to file a second or successive § 2255 motion, "in support of the enhancement, the Government presented three convictions other than the indecent assault conviction now at issue." *See* <u>United States v. Abney</u>, No. 6:04cr06164-DGL-MWP,  Mandate, ECF No. 201

---

[3] In the Eleventh Circuit's recitation of the background of Abney's case, the court stated that Abney's ACCA enhancement was based on his 1985 felony conviction for attempting to cause bodily injury with a deadly weapon, his 1987 felony conviction for cocaine distribution, and his 1989 conviction for indecent assault (ECF No. 11, Ex. G).  The court did not mention Abney's 1998 conviction for possession with intent to distribute a controlled substance (*see id.*).

(W.D.N.Y. Dec. 23, 2011).   Therefore, even if Abney's 1989 indecent assault conviction did not count as a qualifying conviction, pursuant to <u>Johnson</u>, his three other prior state convictions did.   Accordingly, Abney has failed to show that his sentence exceeds the statutory maximum.

Additionally, the Supreme Court recently held that <u>Johnson</u> applies retroactively on collateral review.  *See* <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).  Therefore, relief may be available to Abney under § 2255(h)(2).  Indeed, the court notes that on December 29, 2015, Abney filed an application in the Second Circuit, seeking permission to file a successive § 2255 motion based upon the same arguments he asserts in the instant § 2241 petition.  *See* <u>Abney v. United States</u>, No. 15-4148, Motion (2d Cir. Dec. 29, 2015).  The Second Circuit appointed counsel to represent Abney, and stayed the case until the parties brief the issues.  *See id.*, Order (2d Cir. Apr. 11, 2016).  Therefore, Abney has not shown that § 2255 is inadequate or ineffective to test the legality of his detention.

III.   EVIDENTIARY HEARING

An evidentiary hearing is not required if the petitioner's allegations or claims are "affirmatively contradicted by the record."  *See* <u>Hernandez v. United States</u>, 778 F.3d 1230, 1232 (11th Cir. 2015).  That is the case here.  It is evident from the record

that Abney is not entitled to relief under § 2241, because he has not demonstrated that his sentence exceeds the statutory maximum; nor has he shown that a § 2255 motion is inadequate or ineffective to test the legality of his detention, in light of the Second Circuit's seeming willingness to open the door to a successive § 2255 motion based upon Johnson.   Therefore, Abney's request for an evidentiary hearing should be denied.  *See* San Martin v. McNeil, 633 F.3d 1257, 1271–72 (11th Cir. 2011) (the district court did not abuse its discretion in denying an evidentiary hearing where there was no reason to believe an evidentiary hearing would help the petitioner prevail on his claims).

IV.   CONCLUSION

In summary, review under § 2241 is unavailable because Abney challenges the validity of his sentence, not the execution of an initially valid confinement. Furthermore, he has not shown he is entitled to review via the savings clause portal of § 2255(e), because he has not satisfied the Bryant standard or otherwise shown that a § 2255 motion was inadequate or ineffective to test the legality of his detention. Therefore, he may not proceed under § 2241.

Accordingly, respectfully **RECOMMENDED**:

      1.     That Petitioner's motion for evidentiary hearing (ECF No. 15) be **DENIED**.

      2.     That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

      3.     That the clerk be directed to enter judgment accordingly and close the file.

      At Pensacola, Florida this 28th day of April 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.